UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-00277-TWP-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| AKIEM DURHAM | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cr-00277-TWP-DLP |
| AKIEM DURHAM, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Akiem Durham's ("Durham") Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A) (Dkt. 63). For the reasons explained below, his motion is **denied**.

I.   BACKGROUND

In September 2019, Durham pled guilty (without the benefit of a plea agreement) to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute 50 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. § 841(a)(1). (Dkt. 47.) In 2019, after law enforcement officials attempted to stop a vehicle operated by Durham, he led officers on a high-speed chase that included driving on a sidewalk and the wrong way on a road, traveling speeds of 100 mph and crashing into a bystander's vehicle. Durham eventually drove into a wooded area and attempted to flee on foot. During the vehicular pursuit, Durham threw a gun out of the car window. While searching his vehicle, officials found a sweatshirt, which had 57.83 grams of methamphetamine in one pocket and a bag of marijuana/synthetic marijuana in the other. Facing an advisory guideline sentencing range of 151 to 188 months of imprisonment, (Dkt. 43 at 18), the

2

Court sentenced Durham to 120 months of imprisonment to be followed by 3 years of supervised release.  (Dkt. 47.)

In his *pro se* motion for compassionate release, Durham argues that the caregivers for his teenaged children are no longer able to provide care, and he is seeking release to ensure that his children do not end up in permanent foster homes.  (Dkt. 63.)

The Government has filed a response in opposition disputing Durham's assertions that no other person is available to care for his teenage children (Dkt. 75).  The Government also argues that Durham would pose a danger to the community if released early, he cannot show that the factors contained in 18 U.S.C. § 3553(a) favor early release, and he has not satisfied his burden of showing extraordinary and compelling circumstances justifying relief.  *Id.*

Durham has filed supplements and a reply, (Dkts. 67, 68, 77).  The Court also ordered the production of relevant documents from Durham's state custody case, which the Court has reviewed *in camera* (Dkt. 84).  The motion is now ripe for ruling.

## II.   DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c).  Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute.  *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).  The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing

3

'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to include several new circumstances that now qualify as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Durham's motion, as appropriate.

Durham seeks immediate release because he would like to care for his teenaged children. According to Durham, the children's mother had custody of the children until 2019, when they were removed from her care due to her drug overdose. (Dkt. 63 at 2.) When they were removed from their mother's care, the children were placed with Durham's mother and cousin. His mother and cousin cared for the children until 2022, when they were again removed, and the State took custody. Based upon a review of the documents from the underlying custody and termination of parental rights proceedings in state court, the Court is satisfied that Durham's children are not in need of caregivers at this time and that there is a viable plan in place for both children. Moreover, Durham has not been their caregiver for at least the past five years, and it is not clear that even if he were to be released, whether the state court would grant him custody. Accordingly, the Court declines to exercise its discretion to find that Durham has carried his burden to show that the need to care for his children establishes an extraordinary and compelling reason to grant compassionate release.

Given the determination that Durham has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. However, even if he had made such a showing the Court would nevertheless find that Durham is

not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[1] Weighing in his favor, Durham has completed many classes and programs at the Bureau of Prisons, including the CHALLENGE program, and maintained a clear disciplinary record. (Dkt. 63.) He represents that he will have employment upon release and will have familial support. Weighing against him, Durham committed serious crimes and has prior felony convictions for dealing, possession of controlled substance, possession of marijuana, failure to return to lawful detention center and escape. (Dkt. 43.) Durham also has several instances of his probation being revoked. Finally, Durham was already sentenced below the applicable guidelines range and is not scheduled to be released until February 2027.

In light of these considerations, the Court finds that releasing Durham early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. CONCLUSION

For the reasons stated above, Durham's motion for compassionate release, Dkt. [63], is **DENIED**.

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

**SO ORDERED.**

Date: 11/17/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Akiem Durham, #16602-028
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Kari A. Morrigan
OFFICE OF THE INDIANA ATTORNEY GENERAL
kari.morrigan@atg.in.gov

Regan Perrodin
OFFICE OF THE INDIANA ATTORNEY GENERAL
regan.perrodin@atg.in.gov

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov